tax increase.[5] In so doing, the summary statement reaches the hundred-word limit. While there may be aspects of the ballot initiative or consequences resulting therefrom that Appellant would have liked to have seen included in the summary statement, their exclusion does not render the summary statement either insufficient or unfair. Within the hundred-word limitation, the ballot title is not required to set out the details of the proposal or resolve every peripheral question related thereto. *United Gamefowl Breeders Ass'n of Mo.,* 19 S.W.3d at 141. The summary statement is set forth in language that does not appear likely to deceive or mislead voters or any other interested parties as to the purpose of the measure. Point denied.

The judgment is affirmed.

All concur.

Irene C. Karns, Columbia, MO, for Appellant.

John M. Morris, III, and Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for Respondent.

Before: HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, JR., and THOMAS H. NEWTON, JJ.

### ORDER

PER CURIAM.

Mr. Pedro Martinez appeals his conviction for possession of a controlled substance in a correctional institution in violation of § 217.360, RSMo 2000.

For the reasons set forth in the memorandum provided to the parties, we affirm. Rule 30.25(b).

STATE of Missouri, Respondent,

v.

Pedro MARTINEZ, Appellant.

No. WD 60557.

Missouri Court of Appeals,
Western District.

Aug. 20, 2002.

STATE of Missouri, Respondent,

v.

David BLOUNT, Appellant.

No. WD 60569.

Missouri Court of Appeals,
Western District.

Aug. 20, 2002.

John Carl Lutman, Office of State Public Defender, Buffalo, for Appellant.

---

5. While Appellant attempts to argue to the contrary, the summary statement does not imply that the revenue generated will be used to provide new and different services to the citizens of the State of Missouri rather than funding already existing programs and services.